UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ALEXANDROS THYMARAS,<br><br>　　　　　　　Defendant. | CR. 14-50063-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Alexandros Thymaras filed a motion to dismiss the superseding indictment or, alternatively, count II of the superseding indictment on the basis of vindictive prosecution. (Docket 73). Coupled with that motion, Mr. Thymaras filed a motion to compel the government to produce certain information associated with the motion to dismiss count II. (Docket 88). The motion to compel was referred to United States Magistrate Judge Daneta Wollmann for resolution pursuant to 28 U.S.C. § 638. (Docket 93). Following the completion of briefing, Magistrate Judge Wollmann held a hearing to consider the oral arguments of counsel. (Docket 109). On January 12, 2016, Magistrate Judge Wollmann issued an order denying defendant's motion to compel discovery. (Docket 111). Mr. Thymaras filed a motion (Docket 114) for an extension of time to file objections to the magistrate judge's order pursuant to 28 U.S.C. § 638(b)(1)(A) and a second motion (Docket 115) seeking leave to file a motion for reconsideration by the magistrate judge. The court granted Mr.

Thymaras' motion for an extension of time to file objections and denied his motion for leave to file a motion for reconsideration.  (Dockets 116 & 117). Additional text orders were entered granting extensions of time for Mr. Thymaras to file his objections to the magistrate judge's order.  (Dockets 119 & 121).  Mr. Thymaras timely filed his objections and requested reconsideration of the order by the district court.  (Docket 124).

For the reasons stated below, the defendant's motion to dismiss count II of the superseding indictment is denied and his objections to the magistrate judge's order are overruled.

## ANALYSIS

On August 13, 2014, a grand jury indicted Mr. Thymaras for attempted commercial sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), 1594(a) and 1594(d)(1).  (Docket 1).  On March 11, 2015, Mr. Thymaras filed a motion to suppress all physical evidence seized incident to his arrest and all post-arrest statements.[1]  (Docket 51).  While the motion to suppress was pending before Magistrate Judge Wollmann, a superseding indictment was filed charging Mr. Thymaras with the additional offense of attempted enticement of a minor using the internet in violation of 18 U.S.C. § 2422(b) ("Count II").  (Docket 69).

The defendant claims count II was added by the government "[i]n a transparent attempt to quell Thymaras' zealous defense against the alleged

---

[1]The motion to suppress was denied by a separate order.  (Docket 125).

2

charges, the Government, without new or further evidence, and in blatant response to the pending motion to suppress, improperly filed a superseding indictment increasing the number and gravity of the charges he is facing." (Docket 74 at p. 4). He argues "[t]he filing of the Government's superseding indictment . . . is vindictive."[2] Id.

DISMISSAL OF COUNT II[3]

"Whether to . . . grant a pre-trial motion to dismiss an indictment [is a] matter[] within the trial court's discretion." United States v. Kelley, 152 F.3d 881, 885 (8th Cir. 1998) (referencing United States v. Valona, 834 F.2d 1334, 1340 (7th Cir. 1987) (hearing on outrageous government conduct defense is only required when a defendant presents specific facts sufficient to raise significant doubt about the propriety of the government's action) (other references omitted). To establish a claim of selective prosecution there must be evidence that (1) Mr. Thymaras was singled out for prosecution while "others similarly situated have not been prosecuted," and (2) the government's effort to single him out "was based on an impermissible motive such as race, religion, or the exercise by defendant of constitutional rights." United States v. Matter, 818 F.2d 653,

---

[2]Mr. Thymaras makes no meritorious argument of fact or law upon which to consider dismissal of count I of the superseding indictment. The court will focus its analysis on the defendant's alternate motion to dismiss Count II of the superseding indictment.

[3]While the magistrate judge had to initially consider defendant's motion to dismiss Count II to analyze defendant's motion to compel discovery, it remains the court's duty to resolve the motion to dismiss Count II.

654-55 (8th Cir. 1987) (citing United States v. Hintzman, 806 F.2d 840, 842 (8th Cir. 1986)).

"The burden of proof of selective or vindictive prosecution is on the defendant." Kelley, 152 F.3d at 885 (referencing United States v. Huff, 959 F.2d 731, 735 (8th Cir.), *cert. denied*, 506 U.S. 855 (1992)). "The defendant's burden is a heavy one, and because we afford broad discretion to [prosecutors], we require 'a showing of "intentional and purposeful discrimination." ' " Id. at 886 (citing Matter, 818 F.2d at 654-55) (internal citations omitted)). "This is because 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in [the prosecutor's] discretion.' " Id. (citing Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)).

"In order to demonstrate prosecutorial vindictiveness, a defendant must show that the superseding indictment containing the additional charges was sought in retaliation for exercising constitutional or statutory rights." United States v. Chappell, 779 F.3d 872, 879 (8th Cir.), *cert. denied*, ___ U.S. ___, 136 S. Ct. 281 (2015) (citing United States v. Punelli, 892 F.2d 1364, 1371 (8th Cir. 1990)). "A defendant can prove such impermissible prosecutorial vindictiveness with objective evidence of the prosecutor's 'vindictive or improper motive' in increasing the number or severity of charges." Id. (citing United States v. Leathers, 354 F.3d 955, 961 (8th Cir. 2004)). "Absent such evidence, a defendant may, in *rare* instances, rely upon a presumption of vindictiveness . . .

4

if he provides sufficient evidence to show a reasonable likelihood of vindictiveness exists . . . ." Id. (internal quotation marks and citations omitted) (emphasis in original).

Mr. Thymaras claims "[t]he first sign of the Government's improper conduct [is] based on its agitation . . . on the day before . . . [the] suppression hearing, at which time a last-minute Government application was filed to revoke Thymaras' bail. Conveniently, the Government offered to withdraw the motion if one of the suppression arguments was withdrawn." (Docket 74 at pp. 4-5).[4] Mr. Thymaras argues "[t]he Government's motion alleged that Thymaras was solely a Canadian citizen, so his bail should be revoked. . . . the Government . . . offered to withdraw the application [to revoke bail] if Thymaras withdrew his claims under the Vienna Convention, or relating to it, regarding suppression." Id. at p. 5 n.3. The defendant claims the government held "no actual belief that detention was proper, but this was rather an improper attempt to force the withdrawal of a claim Thymaras had every right to assert." Id. at p. 5 n.1.

Mr. Thymaras claims "the Government's application [for detention] was so questionable that . . . Magistrate Judge Daneta Wollmann denied the application without the need for opposition papers to be filed [because defense arguments were sufficient]." Id. at p. 5. Mr. Thymaras asserts that "two days later, after having its case pushed to the brink during the exhaustive suppression hearing,

---

[4]The court references the docket entry and page number as documents appear in CM/ECF as opposed to any internal page reference of an exhibit.

the prosecution threatened a superseding indictment . . . and added a new charge soon thereafter."  Id.  He argues "[t]he absence of any rational justification for filing the new charge showcases ulterior motives and a vindictive response to Thymaras' legally protected activities, including challenging the underlying probable cause which served as a basis for his arrest."  Id.  Mr. Thymaras submits the court should "conclude that the superseding indictment was filed with vindictive intent, and [the superseding indictment] should therefore be dismissed in its entirety, or, alternatively, the second count thereof." Id. at p. 6.

The government's response presents a different scenario.  (Docket 78). The government contends Mr. Thymaras' citizenship was an issue from the moment of his arrest.  During the initial court appearance Mr. Thymaras' counsel at that time, Robert Van Norman, sought personal release because the defendant was a United States citizen.  Mr. Van Norman argued his client "holds United States citizenship, derived from his mother . . . who was born in the State of New York and who lived in New York for many years prior to marrying a Canadian citizen. . . . Evidence of Alex's U.S. citizenship is reflected by his now expired U.S. passport."  (Docket 13 ¶ 3).  Counsel re-urged this position during a subsequent bond hearing.  (Docket 56 at p. 11:9-20).  Based partly on this representation, United States Magistrate Judge Veronica L. Duffy released Mr. Thymaras on several conditions, including the surrender of his current United States passport and his agreement not to obtain a new one.  (Docket 17).

6

In the memorandum in support of his motion to suppress, Mr. Thymaras made no reference to the fact he had previously acknowledged he was a United States citizen.[5] See Docket 52. Rather, Mr. Thymaras argued he was a "Canadian citizen," a "non-citizen" of the United States, a "foreign national" and "as a foreign national, it would be unreasonable to expect Thymaras to have a clear understanding of the United States legal justice system and how it compares and contrasts as to these rights against the Canadian system, particularly given his absence of prior legal history in this country." Id. at pp. 5-6, 22-25, 27-28, 31 & 34).

The government argues the defendant's memorandum "was in direct conflict with the defendant's prior representations that he was a United States citizen." (Docket 78 at p. 5). It took a specific inquiry by Magistrate Judge Wollmann at the beginning of the suppression hearing to clear the air on this issue. (Docket 64 at pp. 5:23-6:8). Only then did defense counsel acknowledge Mr. Thymaras' dual citizenship. Id. at pp. 6:9-7:10. Based on the concession Mr. Thymaras has dual citizenship, the magistrate judge advised government counsel the detention motion appeared to be moot. Id. at pp. 279:22-280:20. The magistrate judge told the parties that if the government did not reassert the detention motion in the next morning's continued hearing, the court would consider the issue moot. Id. at p. 281:7-14. Because the court reporter was

---

[5]Mr. Thymaras' original attorney and two subsequent attorneys had been replaced by Brian Gardner and Michael Weinstein and local counsel. (Dockets 31, 39, 42 & 43).

7

needed in another hearing the next morning, the magistrate judge apparently had a discussion with counsel off-the-record and orally denied the government's detention motion. Id. at pp. 309:23-310:3; see also Docket 61 at p. 4. There is no separate transcript or written order denying the government's detention motion.

    The magistrate judge was concerned enough about Mr. Thymaras' citizenship to seek a clarification from defense counsel before the start of the suppression hearing. The government's continued concern about Mr. Thymaras' United States citizenship and its effect on the applicability of the Vienna Convention to the suppression motion was an appropriate subject of discussion between the parties. The court previously determined that because of his status as a United States citizen Mr. Thymaras had no rights under the Vienna Convention. (Docket 125 at p. 26). Government counsel's expression of a similar opinion does not cause her opinion to be maliciously or vindictively held.

    The government submits an issue developed during the suppression hearing regarding Mr. Thymaras' claim he did not have enough money on his person to pay for the alleged sexual act. (Docket 78 at p. 6) (referencing Dockets 52 at p. 18 and 64 at pp. 63 & 233-34). Based on that defense assertion, the government contends "it is particularly appropriate that the defendant be charged under both a commercial sex theory [18 U.S.C. §§ 1591(a)(1), 1591(b)(2), 1594(a) and 1594(d)(1)] and also [attempted enticement of a minor using the

8

internet] under 18 U.S.C. § 2422(b), which does not require the commercial aspect . . ." Id. at pp. 8-9.

Mr. Thymaras argues the government's money argument is misplaced. Mr. Thymaras "vehemently denie[s] guilt . . . on several bases, with the amount of money being only one of many factors supporting his innocence, and establishing that he had no intention to engage in any sex act with a minor." (Docket 81 at p. 3 n.2). He claims "lack of money was never argued in the nature of a technical dispute over the element of 'commercial' (although, in theory, it could), but rather to point out that there was clearly no intent to engage in the unlawful sex act itself." Id. (parentheticals in original).

Mr. Thymaras claims the government's money argument is also a red herring because "the Government concedes that the idea for the Superseding Indictment was not based upon some new evidence, testimony or admissions." Id. at p. 4. The defendant's argument is a misstatement of what government counsel actually disclosed to defense counsel. In response to the defendant's request of discovery of any new evidence to support Count II, the government responded "you have been provided all discovery in this case and there is no additional discovery due to the superseding indictment." (Docket 75-2).

Mr. Thymaras seeks to make a vindictive prosecution claim out of the fact that government counsel had a discussion with another member of a

Department of Justice national advisory committee[6] whose focus is on internet crimes against children.  (Docket 81 at p. 4).  He claims a national advisory committee has no authority to bind the government in its prosecutorial decision-making process.  Id.

Mr. Thymaras misses the point.  The fact government counsel had a conversation with another Department of Justice committee member does not control how a prosecutor evaluates newly developing theories for prosecution or what evidence to present to a grand jury for consideration and indictment.  "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in [the prosecutor's] discretion."  Kelley, 152 F.3d at 886.  Government counsel articulated a well-reasoned justification for seeking a superseding indictment containing Count II.

Mr. Thymaras claims "[t]he absence of any rational justification for filing the new charge showcases ulterior motives and a vindictive response to Thymaras' legally protected activities, including challenging the underlying probable cause which served as a basis for his arrest."  (Docket 74 at p. 5).  This court already denied defendant's challenge to probable cause for his arrest.

---

[6]Assistant United States Attorney Sarah Collins was appointed to serve on the Attorney General's Nationwide Investigations Advisory Committee on July 29, 2014.  (Docket 95-1 at p. 1).  The committee "is comprised of six [Assistant United States Attorneys] with expertise in the area of child exploitation prosecutions and one attorney from the Department's Child Exploitation and Obscenity Section."  Id.

(Docket 125 at p. 17). The government's analysis of the facts as they were developed during the suppression hearing provides a valid justification for seeking an indictment on Count II. Chappell, 779 F.3d at 880. While preparing for trial a prosecutor "may uncover additional information that suggests a basis for further prosecution or [she] may come to realize the information possessed by the [government] has a broader significance." United States v. Goodwin, 457 U.S. 368, 381 (1982)). Both the timing of the superseding indictment[7] and the allegations of Count II support the conclusion that government counsel's action was within the broad scope of prosecutorial discretion. Id.

Mr. Thymaras' next ground for his claim of vindictive prosecution is government counsel's statement that in all subsequent cases the government would seek indictment on both a count of attempted commercial sex trafficking and a count of attempted enticement of a minor using the internet. (Docket 81 at p. 6). Mr. Thymaras claims that since the announcement of this policy in April 2015, he is the only defendant actually charged with both offenses. Id. In support of his claim, Mr. Thymaras cites five cases in the Southern Division of the District of South Dakota in which only commercial sex trafficking was charged. See id. at p. 6 n. 3 & 4.

---

[7]The suppression hearing was held on April 23 and 24, 2015, and the superseding indictment was returned on May 19, 2015. (Dockets 64 & 68).

11

Mr. Thymaras' claim of being singled out as the only individual charged with offenses under §§ 1591 and 2422 since April 2015 is inaccurate.[8]  During August 2015 the following cases were indicted in the Western Division of the District of South Dakota charging both offenses:

>United States v. Fielding, 14-50064-JLV;[9]
>United States v. Magnuson, 15-50095-JLV;
>United States v. Dorsey, 15-50096-JLV;
>United States v. Preston, 15-50097-JLV; and
>United States v. Vandekamp, 15-50099-JLV.

Mr. Thymaras has not shown objective evidence of the government's alleged vindictive or improper motive for seeking the superseding indictment adding Count II.  Punelli, 892 F.2d at 1371.  Nor has Mr. Thymaras overcome the presumption of regularity the court finds appropriate in the government's explanation of the decision to seek indictment on Count II.  Kelley, 152 F.3d at 886.  Furthermore, Mr. Thymaras has not sustained his burden to show he has been selectively prosecuted while other similarly situated individuals have not.  Matter, 818 F.2d at 654-55.

---

[8] Mr. Thymaras continued to advance this argument into his memoranda filed after August 2015.  See Dockets 89 at p. 11 and 99 at pp. 8 & 10-11.

[9] Mr. Fielding was originally indicted on August 13, 2014, on a single count of attempted commercial sex trafficking.  CR-14-50064-JLV, Docket 15.  A superseding indictment filed on August 18, 2015, charged both offenses: attempted commercial sex trafficking and attempted enticement of a minor using the internet.  Id., Docket 48.

The court finds Mr. Thymaras has not met his burden of proof to support a claim of vindictive prosecution relating to the government's decision to seek indictment for Count II.   Mr. Thymaras' motion to dismiss Count II is denied.

DISCOVERY MOTION

In response to the government's resistance to the motion to dismiss count II, Mr. Thymaras filed a motion seeking to compel the government to provide him with access to a number of "previously-requested documents and evidence that the Government relied upon in opposing Thymaras' pending motion to dismiss . . . [Count II] on the basis of vindictive prosecution . . . ."  (Docket 88 at p. 1).  The documents and information sought by Mr. Thymaras relate to the national advisory committee.   (Docket 90-1 at pp. 2-3).    Mr. Thymaras also sought "production of any and all email correspondence with defense counsel wherein it was stated that 'the United States would be handling all future cases [in the same manner as Mr. Thymaras' by adding a charge of attempted enticement of a minor using the internet in violation of 18 U.S.C. § 2422(b)]. . . . [and] whatever documents exist from the U.S. Attorneys' office regarding the conversation or approval to add this charge in the instant matter or all future matters, and the name of your supervisor and co-counsel that were part of the referenced discussions."   Id. at pp. 3-4.    Magistrate Judge Wollmann denied the defendant's motion to compel production.   (Docket 111).

The court denied Mr. Thymaras' motion to dismiss claiming vindictive prosecution.   Thus, the defendant's motion to compel production of discovery

on the basis of vindictive prosecution is moot.  Defendant's objections to the magistrate judge's order denying defendant's motion to compel discovery on the basis of vindictive prosecution are likewise moot.

As an alternative basis for seeking the information, Mr. Thymaras asserted the "discovery is, at a minimum, material to preparing [his] defense to the pending charges."  (Docket 99 at p. 4).  During oral argument before the magistrate judge, Mr. Thymaras acknowledged the discovery requested by the motion to compel is not relevant to the underlying elements of the superseding indictment or, more particularly, Count II.  (Docket 112 at pp. 4:17-5:11).  The magistrate judge concluded "Mr. Thymaras has failed to show how the information he is requesting is necessary to his ultimate defense.  Similar to the defendant's deficiencies in Tornquist[10] and Baker,[11] Mr. Thymaras provides no explanation as to *how* the requested discovery is relevant to his ultimate defense against the Superseding Indictment."  (Docket 111 at p. 18) (emphasis in original).  The magistrate judge denied Mr. Thymaras' alternate motion on this basis.  Id. at p. 19.  Mr. Thymaras did not challenge this portion of the magistrate judge's order.  See Docket 112.

The court declines defense counsel's request to modify the magistrate judge's findings and order because the record speaks unkindly of counsel.

---

[10]United States v. Tornquist, No. CR 11-50118, 2012 WL 2862864 (D.S.D. July 11, 2012).

[11]United States v. Baker, 453 F.3d 419 (7th Cir. 2006).

14

Pursuant to 28 U.S.C. § 636(b)(1)(A), this court may only reconsider a pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); see also Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007).  The court completed a *de novo* review of the magistrate judge's order denying defendant's motion to compel discovery.  Considering the entire record, the court concludes Magistrate Judge Wollmann's order is not clearly erroneous or contrary to law.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's motion (Docket 73) to dismiss Count II of the superseding indictment is denied.

IT IS FURTHER ORDERED that Magistrate Judge Wollmann's order (Docket 111) is not clearly erroneous or contrary to law.

IT IS FURTHER ORDERED that defendant's objections (Docket 124) are overruled as moot.

Dated June 10, 2016.

                                      BY THE COURT:

                                      /s/ *Jeffrey L. Viken*
                                      JEFFREY L. VIKEN
                                      CHIEF JUDGE